Good morning, Your Honor. May it please the Court. Obsession Sports Bar & Grill and Joan Ortiz have sued the City of Rochester for interfering with her state-issued liquor license and her property right and liberty right in that license by shutting her down during prime revenue-generating hours without the capacity to do so, without the right to do so, and without a hearing such as one that would be required under that state license. This is fundamentally different from the cases that talk about employment or executive action where there is no license involved. If the City of Rochester passed a law saying that there was no law practice between 10 o'clock in the morning and 12 o'clock in the morning on Tuesdays... Maybe lawyers would like a regulation like that. We might. It might give us a break, Judge Lentz, but at least it would be our choice if we decided to take a break. I don't think the City could do that any more than they could take away Ms. Ortiz's liquor license. The City might say, we want to keep the neighborhood quiet so we don't want anyone driving in the City of Rochester after 11 o'clock at night. Are you aware of another case in which a similar effectively zoning regulation was deemed to give rise to a substantive due process violation? Judge, first, this was not a zoning regulation. They called it that. But this was an alcohol beverage control law regulation, and they knew when they targeted bars that it was going to be violating the ABCL, or at least... All right. Are you aware of a regulation like that giving rise... No. ...to a conscious, shocking, substantive due process violation? Judge, Kegel Harbor, this is from the Sixth Circuit, the Goose Island case is probably closest to that, but admittedly, it was administrative action. That was the unconstitutional conditions case where the town said, we're going to let you stay open. Sorry, we're going to let you have a liquor license, but you've got to stay closed after 11 o'clock at night. And in Kegel Harbor, the Sixth Circuit said, if Kegel Harbor had forced Goose Island to close at 11 p.m. without any prior procedure, that action clearly would have violated Goose Island's constitutionally protected property rights. I don't think it has to be conscious, shocking, and that's, of course, for procedural due process, that's not even a test. No. I'm talking about substantive due process. So for substantive due process, Judge Leyer, this would be arbitrary or irrational, and I believe the disjunctive is used in most of the cases. It doesn't have to shock the conscience, although I think any of us might be shocked to find that our business gets shut down without any right by someone else to do it. If they sent the police in each night to shut us down, there would clearly be no cause for that. It would shock the conscience. But conscience --" applicable regulation? No, Judge Lynch. This the particular regulation, subsection O, dealt with bars and restaurants. Yeah, bars and restaurants. Not just a restaurant that didn't have a liquor license would be subject to the same regulation, would it not? Yes. This was – first of all, this was not specifically directed at one particular place, such as an administrative action that might require a hearing. This was a law of general application to all restaurants and bars, right? Well, the fact that they did this to many people I don't think makes it any better for the city. But it does for a procedural due process because if you're asking for a hearing, what you're really asking is for reexamination of the legislation. I mean, that's the only kind of hearing because there's nothing case-specific about Obsession Bar. They don't care how many customers you have and how big you are. They're going, you're just going to be questioning the validity of the legislation, correct? So what would that hearing look like? Thank you, Judge Ruiz. It would look like exactly what the alcohol beverage control law enacted by the State supposed it would look like. It would be a hearing to determine whether this license should be in some way tampered with, whether it should be in any way revoked or curtailed. And the State has occupied this entire field. But that would be a different procedure. That would be a procedure directed individually at this particular establishment. Yes. And in that case, you would be entitled to a hearing. The question is, what kind of hearing is any individual citizen entitled to before a municipality adopts a generally applicable regulation? And the case law, it seems to me, is pretty clear that the Your Honor, I believe where they're tampering with the license and they know that there's at least a good chance that they are, they have to say that no one gets to this regulation will not apply tampering with the license. Well, when you say they're tampering with a license, that goes back to my earlier question. Would this ordinance not apply to, for example, a McDonald's that did not have a liquor license? Your Honor, it would, although it would still be improper because zoning deals with land use and not hours of operation. But that's not the case here in front of us. Whoa, whoa, whoa, whoa, whoa. Really? Yes, Your Honor. Really? There's no role in deciding about land use to say that in a residential neighborhood, certain you can't have, for example, garbage compactors running in the middle of the night in a residential neighborhood? That would be not a zoning regulation because of that hours of operation? If Your Honor, if they let a garbage compacting company into a residential neighborhood, they've made that decision, I think, and they have to let them operate in the way that's necessary. There can be a noise ordinance, in addition, that's separate from zoning. But this is a licensure case. All right. If that's your argument, I have your argument. I'm trying to figure out is the standard for substantive due process seems to be that something is ultra vires entirely. And I'm not — I'm having a lot of trouble understanding why, if a municipality adopts something that facially is within its power, it is conscience-shocking, totally ultra vires because a State court later decides that this was inconsistent with a State preemption as applied to some of the people to whom the ordinance applied. Why should we conclude that? Because, first, this is not a preemption case. We won that fight. But more particularly, the City was not acting — I'm sorry. I thought it was a preemption case. That's what the State court decided. And that's what gives you any leg to stand on here, right? You're here because — you're here because the State court decided that this ordinance was a violation of New York State law. No, Your Honor. We're here because the City did not have the right to be legislating in this area at all. They did not have the right because that was inconsistent, according to the State courts, with a State-wide regulatory program, no? Close, Judge. But let's take to Jesus, to Jesus, the case that started all this. That case involved patrons, and they were — the legislation by the City of Rochester was targeted at patrons who were prosecuted for going to after-hours social clubs. And the court of appeals of New York said they can't legislate in this area at all. But those patrons would not have had a substantive or procedural due process right. They don't have that claim. Even though it was preempted, their prosecutions were preempted, there's no property right to going to an after-hours club. There is a property right in a license, and the City had no capacity. This was not a zoning law. They had the right to make zoning laws. But you cannot take away someone's State-issued license. Why do you say this was not a zoning law, and why do you say it takes away a State-issued license if it applies to people who have no licenses at all? For those people, Judge, it would not, obviously, take away their license. But it does take away Ms. Ortiz's license, and they had to know that there would be some people, when they're targeting bars, who would have a State license, and they were taking it away. And the fact that they put it in the zoning code does not make it okay. It's arbitrary because they didn't have the right to do it. This would be like saying that I couldn't come down here today and argue this case because the City passed a law that was going to regulate my law license. Maybe they apply it to every business. All businesses will be closed on Tuesday. Well, wait. If the — I mean, wouldn't that depend on the State law? If the State delegated to the City the regulation of lawyers, there wouldn't be a problem. That's right, Judge, but they have not done it. What the State can do is very different from what the City can do, and that's the point. That's why this is a deprivation. The State gives a hearing before they take away your liquor license or compromise your liquor license. The same with the State bar. The City can't do that, and that's why it's a fundamental deprivation. And the City could have easily drafted this ordinance to say if this affects a State license, you'll first get notice and an opportunity to be heard before it applies to you. But they couldn't. But you'd say that would be wrong, too, because the City doesn't have the right to give a hearing that then takes away a liquor license. Only the State Alcoholic Beverage Commission can do that. The City has the right to give the hearing. The City, I maintain, doesn't have the right. But there would be no point in having a hearing. That would be — There would, Judge. That would not help, in other words. It would, because they would have heard about this before they took — It would be part of the process. I'm sorry? It would be part of the process. Part of the process. And they would have heard about all of this, where Ms. Ortiz won, before they took away her revenue. She had to fight this case. Without the revenue, she would have been getting from 12 o'clock at night until 2 o'clock in the morning. And that was no easy feat. She shouldn't have had to do that. I thought that part of your argument was that the district court failed to really consider, in the first instance, the procedural due process claim. Is that correct? That is correct, yes, Judge Lillian. Judge, sir, you said — So you're asking us, in part, to at least be given a chance to go back to the district court to have the district court make that determination. Unfortunately, I think the district court did make the determination. The lower court said, first, it wasn't pled properly. And then even if it was pled, I guess to Judge Lynch's point, that it couldn't have been pled because it would have been futile. And while that's the problem with it — remember, this is an ordinance that the City created — it might have been futile because they weren't allowed to ultimately interfere with the license. The hearing itself would have prevented that interference, or could have, because, look, this case was heard and it was decided in Ms. Ortiz's favor. And had that all played out before she lost her liquor license, then this case would not have been necessary because there wouldn't have been the damages for revenue loss. Did you ask to amend your complaint to address the possible futility or the possible issues with the procedural due process claim? Judge, I did not. The first time that I even realized that that — that the lower court felt that it was not properly pled or that it couldn't have been pled was when I read the decision, which not only dismissed it with prejudice, but ordered the clerk to close the case. Both parties argued procedural due process. It was clearly before the court. In fact, the court's first question to me is, is there procedural due process? And I said, yes. There was no pre-deprivation hearing. It's on page 199 of the record, of the appendix. I — there was briefing that followed up oral argument. I believe under Rule 15, the correct question is not whether this was properly pled in the first instance, noting that the Fourteenth Amendment doesn't use the word procedural either, but rather whether this was litigated, whether the people, the Your point is that even though the district court determined in the first instance that it had not been properly pled, it still went on or proceeded to consider the claim. It did, Your Honor. And, in fact, we got to talking about damages, which I thought in the lower court was a good sign. The city conceded at page 232 of the appendix that there, in fact, was a pre-deprivation violation. A232, line 12, the court, she — I'm just picking up the middle of the sentence. She was entitled to some type of minimal, but some type of pre-deprivation hearing. Do you agree with that or not? My adversary, Mr. Campolito, for the city at line 15, yes, that's correct. I had no reason to believe at that point that we were even still talking about whether it was appropriate to have some minimal level of hearing for someone whose license was taken. But if the State itself took the license, this State would have given a hearing. And the State had the power, at least, to do something. You keep talking about it as taking the license. That's not what's happening here. If the city takes — passes a generally applicable zoning ordinance, nobody gets — has a procedural due process right to a hearing. That's bimetallic. That's 1915 Justice Holmes. That's always been the law. This is not the same kind of situation, is it? I mean, I don't even understand what hearing you're asking for, because there wouldn't have been — the hearing would have to be about whether this ordinance is preempted or not by State law, right? No, Your Honor. It would be whether this ordinance interferes with a State-issued property right that is outside the scope of what the city of Rochester is allowed to regulate. But isn't that what the — that's what the legislative process does. And sometimes the legislature goes too far and does something unconstitutional. But that doesn't mean that a legislative body has to give individualized hearings to anyone who might be affected by legislation at which those individual people, rather than the usual lobbyists and people with an interest who show up and try to argue against the legislation, have a right to a specified individualized hearing, which is not about that individual. It's about whether this whole thing is unconstitutional. And this is a novel situation, Judge, because they shouldn't have been legislating in this area to begin with. And so — That's your substantive argument. But is it that novel? I mean, wouldn't we see hundreds of these cases? So back in Vermont, if they decide we're not going to maintain any Class IV roads and it's going to be in the entire county, we're not going to give every one of those people a hearing, even if the state of Vermont says, wait a minute, we're in charge of the roads, we'll decide what you're going to maintain. You're not going to have a hearing for each of those people. True. Judge Reese — Bryce. Bryce. I'm sorry. Okay. That's all right. And I asked about how to pronounce Judge Loyer, and I did not ask. That's all right. Do you know that the number one — apparently, if you look up my name on the Internet, the number one hit is Loyer pronunciation. I did Google it, but the deputy is very helpful. There would be no license implicated there, Judge. And also, localities, municipalities in Vermont can likely legislate in the area of vehicle and traffic, so they're not off the grid entirely when they're passing laws like that. Here, the city of Rochester simply shouldn't have been doing this with respect to a liquor license, and they didn't know that they would take Ms. Ortiz's license — or not take it, Judge Lynch, but curtail it. But they certainly knew that they were going to do this to some people, more than one person. Was it confusion? Perhaps, although they were a party to, or at least they passed the law at issue in people against DeJesus. There was even someone in the record who stood up at the zoning hearing, a citizen named Alex White, who said, wait, you can't do this. I don't think you guys are even allowed to consider a variance because you shouldn't have the underlying law in effect. Ms. Ortiz would otherwise have no recourse, Your Honors. There is no way that she can recoup for the damage that was done to her business. So there is no State law cause of action against a city for adopting a preempted liquor ordinance? There's immunity, Judge. This is it. This is her court of last resort. Thank you very much. We've taken you well past your time. Thank you, Your Honors. We'll reserve the decision.